UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 21-3809-MWF (AGRx)   JS-6 | Date: May 27, 2021 |
| Title: | Summitridge Venture Group v. Mitali Parmar et al. | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT PURSUANT TO 28 U.S.C. § 1452(b)

Cross-Defendant Vikram Spinivasan removed this action from Alameda County Superior Court on May 4, 2021. (*See* Notice of Removal ("NoR") (Docket No. 1)).

The claims at issue in this action arise solely under state law. (*See generally id.*). Srinivasan contends that the Court has original jurisdiction over the action because it raises a federal question: whether the Alameda County Superior Court judge violated the automatic bankruptcy stay pursuant to 11 U.S.C. § 362, which Srinivasan claims has been in force since Summitridge filed for Chapter 11 bankruptcy in the Central District of California Bankruptcy Court earlier this year. (*Id.* at 3-5).

Under 28 U.S.C. § 1452(a), a party may remove a case from state court to federal court if the district court "has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). 28 U.S.C. § 1334 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). 28 U.S.C. § 1452(b) further authorizes the court to "remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 131 (1995) (Ginsburg, J., concurring) ("Section 1452(b) broadly provides for district court remand of claims related to bankruptcy cases 'on any equitable ground,' and declares that the remanding order is 'not reviewable by appeal or otherwise.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-3809-MWF (AGRx)                    Date: May 27, 2021
Title:      Summitridge Venture Group v. Mitali Parmar et al.

"This 'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 665 (Bankr. C.D. Cal. 2001) (quoting *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414 (9th Cir. BAP 1999)). "[W]hether to remand is discretionary and is a decision that is not reviewable on appeal." *Liquidation Tr. v. Grobstein, Horwath & Co., LLP*, CV 10-08144-MMM (Ex), 2011 WL 13217688, at *4 (C.D. Cal. May 2, 2011). "In exercising this 'broad grant' of discretion, courts have traditionally looked to a number of factors to determine whether remand would be equitable in a given case," including

> judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

*Germain v. DaimlerChrylser Serv. Conts., Inc.*, SACV 20-1858-JLS (JPRx), 2021 WL 1060229, at *4 (C.D. Cal. Mar. 18, 2021) (quoting *TIG Ins. Co.*, 264 B.R. at 665). "Any one of the relevant factors may provide a sufficient basis for equitable remand." *Id.* (internal alterations and citation omitted).

Here, assuming without deciding that jurisdiction is properly invoked under 28 U.S.C. § 1334, the Court determines that equitable remand under 28 U.S.C. § 1452(b) is appropriate under the circumstances. Specifically, "comity and the predominance of state law issues strongly favor remand because" the parties assert "only state law claims." *Id.* (citations omitted); *see also Liquidation Tr.*, 2011 WL 13217688, at *4 ("Courts have consistently exercised their discretion to remand under § 1452(b) where a case is grounded exclusively in state law.") (collecting cases).

Accordingly, the action is **REMANDED** to Alameda County Superior Court.

IT IS SO ORDERED.